1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  THE CALIFORNIA NATURAL                    No. 1:20−CV−00426−DAD−EPG
    RESOURCES AGENCY, et al..,

12                                            ORDER GRANTING MOTIONS FOR
                              Plaintiff,      PERMISSIVE INTERVENTION WITH
13                                            CONDITIONS ON BRIEFING
                    v.
14                                            (Doc. Nos. 13 & 24)
    WILBUR ROSS, et al.,
15
                              Defendants.
16

17

18       Plaintiffs, the People of the State of California, California's Natural Resources Agency

19  (Resources Agency), and California's Environmental Protection Agency (CalEPA) (collectively,

20  "California"), bring this lawsuit against the National Marine Fisheries Service (NFMS), the U.S.

21  Fish and Wildlife Service (FWS), the U.S. Bureau of Reclamation (Reclamation), and various

22  official representatives of those agencies.  (Doc. No. 51, First Amended Complaint (FAC).)

23  Plaintiffs' first and second claims for relief challenge the adoption by NMFS and FWS,

24  respectively, of "biological opinions" prepared pursuant to the Endangered Species Act (ESA),

25  16 U.S.C § 1531 *et seq.*, regarding the impact of the long-term operation of the Central Valley

26  Project (CVP) and the State Water Project (SWP) (collectively, "Water Projects") on various

27  ESA-listed species.  More specifically, the first and second claims for relief allege that NMFS and

28  FWS violated the Administrative Procedure Act (APA), 5 U.S.C. § 706, in various ways by

                                              1

concluding that the Water Projects would not jeopardize the continued existence of the ESA-listed species addressed in each biological opinion.  Plaintiffs also bring claims against Reclamation under the ESA (third claim for relief), and the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.* (fourth claim for relief).  Finally, Plaintiffs allege in their fifth claim for relief that Reclamation has violated the APA by failing to comply with the California Endangered Species Act (CESA), which compliance plaintiffs allege is required by federal law, namely Section 3406(b) of the Central Valley Project Improvement Act of 1992 (CVPIA), Pub. L. No. 102–575, 106 Stat. 4700 (1992), and Section 8 of the Reclamation Act of 1902, 43 U.S.C. § 383.

On March 25, 2020, this case was transferred to this district from the U.S. District Court for the Northern District of California in light of related cases already pending before the undersigned.  (Doc. No. 26.)

Two sets of motions to intervene were filed before the transfer.  On March 10, 2020, the San Luis & Delta-Mendota Water Authority (Authority) and Westlands Water District (Westlands) moved to intervene.  (Doc. No. 13.)  On March 19, 2020, a motion to intervene was filed by a consortium of SWP contractors, the State Water Contractors (SWC), and its member agencies, which include the Metropolitan Water District of Southern California, Kern County Water Agency, Central Coast Water Agency, and Solano County Water Agency.  (Doc. No. 24.)  Both sets of applicant-intervenors seek to intervene in this action as defendants as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or, alternatively, as a matter of permission pursuant to Rule 24(b).

An applicant is entitled to intervene as a matter of right if:  (1) the motion is timely; (2) the applicant claims a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant is situated such that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the parties to the action.  *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (*en banc*); *see also Allied Concrete and Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018).  Permissive intervention "requires

1   (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of

2   law and fact between the movant's claim or defense and the main action," but "[w]here the

3   proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern

4   drops away." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843-44 (9th Cir.

5   2011) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)).  "The

6   decision to grant or deny [permissive] intervention is discretionary, subject to considerations of

7   equity and judicial economy."  *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir.

8   1990); *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  When exercising this

9   discretion, the court must "consider whether the intervention will unduly delay or prejudice the

10   adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3); *see also Donnelly*, 159 F.3d

11   at 412.

12        California does not object to permissive intervention by either set of applicant-intervenors.

13   Faced with similar motions in the companion case *Pacific Federation of Fishermen's*

14   *Associations, et al., v. Ross, et al.*, 1:20-cv-00431 DAD SAB (*PCFFA v. Ross*), where plaintiffs

15   likewise did not oppose permissive intervention, the court allowed permissive intervention by the

16   Authority and Westlands (1:20-cv-00431, Doc. No. 37 (entered by the transferor court)) and

17   SWC (1:20-cv-00431, Doc. No. 121 (entered by the undersigned)).  Likewise, the court finds

18   permissive intervention appropriate here.

19        As the undersigned has previously mentioned in *PCFFA v. Ross* (*see id.*), in the context of

20   a highly complex case such as this one, and particularly in light of the time-sensitive nature of the

21   motion for preliminary injunction now pending before it, the court can and will impose

22   reasonable conditions upon briefing submitted by any intervenor in this action regardless of the

23   method of intervention.  *See* Advisory Committee Notes on Rule 24, 28 U.S.C. App., p. 567

24   ("intervention of right . . . may be subject to appropriate conditions or restrictions responsive

25   among other things to the requirements of efficient conduct of the proceedings"), *cited with*

26   *approval in Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan,

27   J., concurring in part).  Accordingly, the court takes the path of least resistance in connection with

28   /////

1    the present motions and will grant the unopposed motions for permissive intervention with

2    conditions.

3           Applicants plainly meet the requirements for permissive intervention.  These parties have

4    been permitted to intervene in numerous previous disputes over biological opinions covering the

5    Water Projects.  *See, e.g., Natural Res. Defense Council v. Bernhardt*, 1:05-CV-1207-DAD-EPG

6    (Doc. No. 213); *Pacific Coast Federation of Fishermen's Ass'ns v. Gutierrez*, 1:06-CV-00245-

7    OWW-GSA (Doc. No. 45); *Golden Gate Salmon Ass'n v. Ross*, 1:17-cv-01172-LJO-EPG (Doc.

8    No. 34).

9           The court will only address in this order the imposition of conditions on applicant-

10   intervenors' briefing to be submitted in connection with the pending motion for preliminary

11   injunction, leaving page limits for the merits phase briefing to be determined at a later date and

12   preferably by stipulation.  In order to ensure that plaintiffs' pending motion is not mooted by the

13   passage of time required to digest and analyze the parties' various arguments and evidentiary

14   submissions, briefing <u>must</u> be constrained, either by stipulation or by the court.  All intervenors

15   are instructed to avoid the submission of duplicative briefing or evidence on issues covered by

16   other defendants or intervenor-defendants.  All parties are forewarned that any duplicative

17   briefing will be disregarded by the court.

18   IT IS SO ORDERED.

19       Dated:   **April 22, 2020**                                                      _Dale A. Drozd_

20                                                                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                                                 4