UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILBUR ROSS, *et al.*,<br><br>　　　　　Defendants. | No. 1:20−CV−00431−DAD−SAB<br><br>ORDER RE PAGE LIMITS AND<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER IN AN ATTEMPT TO RESOLVE REMAINIGN DISPUTES REGARDING PENDING INTERVENTION MOTIONS |
| THE CALIFORNIA NATURAL RESOURCES AGENCY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILBUR ROSS, *et al.*,<br><br>　　　　　Defendants. | No. 1:20-CV-00426-DAD-EPG<br><br>ORDER RE PAGE LIMITS |

　　　　Pending in *Pacific Coast Federation of Fishermen's Associations v. Ross*, 1:20-CV-00431-DAD-EPG (*PCFFA*), are several motions to intervene, which stand at various stages of ripeness. (*See PCFFA* Doc. Nos. 177 (intervention motion by Oakdale Irrigation District, *et al.*), 198 (Friant Water Authority, *et al.*), 206 (City of Folsom, *et al.*).) No motions to intervene are

1

pending in *California Natural Resources Agency v. Ross*, No. 1:20-CV-00426-DAD-EPG (*CNRA*), but nonetheless the issues addressed in this order are relevant to that case going forward.

This court has demonstrated a longstanding pattern and practice of allowing entities with interests related the Central Valley Project (CVP) and State Water Project (SWP) to intervene <u>with conditions</u> in cases concerning the CVP and SWP. The parties are also well aware that in these cases intervenors frequently are subject to page limitations that sometimes differ markedly from those imposed upon other parties.

Here, there are presently nine groups of intervenors and prospective intervenors in *PCFFA* alone. (*See* Doc. Nos. 37, 102, 122, 124, 171, 177, 198, 206). Quite legitimately, plaintiffs' counsel are concerned that allowing additional parties will multiply the proceedings and unfairly prejudice them by impeding the resolution of plaintiffs' claims. (*See* Doc. No. 205 at 5.) Page limitations with respect to briefing appears to be the critical issue preventing stipulated resolution of the pending motions. (See *id.*; Doc. No. 206 at 4.) To resolve this issue up front, the court finds as follows.

In this court's experience, strict page limits and prohibitions on duplicative briefing are absolutely necessary in a complex case with numerous parties. As the parties are aware, this court is one of the busiest in the nation and is facing an emergency due to the lack of judicial resources (*see PCFFA* Doc. No. 115-2), a situation that has been compounded by the ongoing public health emergency related to COVID-19 (*see* E.D. Cal. General Order 618). The undersigned is ready, willing, and able to adjudicate these matters, but will not allow the parties to make doing so a practical impossibility. Relatedly, some have demonstrated, at best, an inconsistent regard for the court's prior instructions to avoid duplicative briefing.

No intervenor, whether entering a case as a matter of right or permissively, should expect to be exempt from page limitations a court deems necessary to manage its caseload. *See* Advisory Committee Notes on Fed. R. Civ. P. 24, 28 U.S.C. App., p. 567 ("intervention of right . . . may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings"), cited with approval in *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring in part).

Because an appropriate balance on this issue has not been reached between plaintiffs, defendants and intervenors on their own, the court will set up a framework designed to allow the court a fighting chance to adjudicate the complex merits issues in this case in a reasonable amount of time. Accordingly, whatever page limitation applies to the plaintiffs and defendants at the opening brief stage will likewise apply to <u>all</u> of the intervenors <u>combined</u> in each case. For example, where an opening brief is limited to 25 pages per Primary Party, all of the defendant intervenors together will be afforded not more than 25 pages for their opening brief(s), which the intervenors may divide among themselves.[1] The court will entertain any reasonable arrangement for oppositions and replies that follows this pattern, recognizing that the plaintiffs will be responding to double the number of pages permitted in the Primary Parties' opening brief. Requests to expand the opening brief limitations will be considered, but the parties are forewarned that it is *highly* unlikely such a request will be granted. Even within the assigned number of pages, the court will not tolerate duplicative briefing. Any filings that demonstrate disregard for that restriction will result in an order to show cause why sanctions should not be imposed.[2] Intervenors are permitted to participate in a case because they bring a different perspective and wish to protect their <u>unique</u> interests, not because the addition of more lawyers to the case permits them collectively to find additional or different citations to support propositions that already have been argued by another party. In other words, intervenors are not welcome to simply sing the same tune in another key. The above restrictions apply with equal force in both of the above-captioned cases.

---

[1] The court will not at this time set the opening brief page limit(s) that will apply to the Primary Parties at the merits stage of the case, as it is reasonable to assume the merits issues have not be fleshed out in sufficient detail for those Primary Parties to determine their needs. That said, the court will critically examine any proposal regarding expanded merits page limits for the Primary Parties. As for other motions practice, the court is very unlikely to permit exceptions to its normal page limits.

[2] The court also notes that it will not tolerate any party that attempts to incorporate by reference into its points and authorities large swaths of information contained in attachments or elsewhere in the record. Doing so will be interpreted as a violation of a court-ordered page limitation, which, according to the undersigned's standing order (*see PCFFA* Doc. No. 115-1 at 2), permits the court to disregard the extra materials. The parties must explain—not just mention—their arguments in their briefs or not at all. Supporting documents are meant for just that—support.

The court believes it must impose these restrictions to avoid the near certainty that doing otherwise will undermine the court's ability to exercise its constitutional function.  With this ruling as a framework, the *PCFFA* parties are instructed to attempt to resolve the pending motions to intervene.  To conserve party resources, any pending deadlines that remain related to those motions are VACATED, and the motions will be held in abeyance.  If the motions cannot be resolved by mutual agreement within fourteen (14) days of the date of this order, the parties are to file a joint status report on day fifteen (15) indicating the efforts they undertook to reach agreement, what issues remain in dispute, and whether a schedule needs to be re-set to complete briefing on any of the pending intervention motions.

IT IS SO ORDERED.

Dated:   **July 10, 2020**

UNITED STATES DISTRICT JUDGE