UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>GINA RAIMONDO[1], *et al.*,<br><br>Defendants. | No. 1:20-cv-00431-DAD-EPG<br><br>ORDER REGARDING FURTHER SCHEDULING AND STATUS OF PENDING MOTION |
| THE CALIFORNIA NATURAL RESOURCES AGENCY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, *et al.*,<br><br>Defendants. | No. 1:20-cv-00426-DAD-EPG<br><br>ORDER REGARDING FURTHER SCHEDULING AND STATUS OF PENDING MOTIONS |

/////

---

[1] Gina Raimondo was sworn in as Secretary of Commerce on March 3, 2021. The Clerk of the Court is directed to substitute her in as the defendant in this action in place of named defendant Wilbur Ross. *See* Fed. R. Civ. P. 25(d). As necessary, the respective plaintiffs in these cases are directed to file a notice with the court addressing the need to update any other named official defendants.

1

Plaintiffs[2] in the above-captioned actions bring closely related claims against the National Marine Fisheries Service ("NMFS"), the U.S. Fish and Wildlife Service ("FWS"), the U.S. Bureau of Reclamation ("Reclamation"), and various official representatives of those agencies (collectively, "Federal Defendants"). (*CNRA*, Doc. No. 51; *PCFFA*, Doc. No. 52.) Both cases involve challenges to the adoption by NMFS and FWS, respectively, of a pair of "biological opinions" issued in 2019 pursuant to the Endangered Species Act ("ESA"), 16 U.S.C § 1531 *et seq*. Those biological opinions address the impact of Reclamation's updated plan for the long-term operation of the Central Valley Project ("CVP") and the State Water Project ("SWP") (the "Proposed Action") on various ESA-listed species.

These cases have been stayed for some time to allow the Federal Defendants time to reinitiate consultation under Section 7 of the ESA regarding the challenged biological opinions; to allow federal and state regulators to engage in a process designed to "reconcile" the Proposed Action as evaluated in the challenged biological opinions with parallel species protection measures imposed by state regulators; and to conserve federal agency staff resources that are needed to deal with the ongoing drought emergency impacting CVP/SWP operations. (*See* Doc. No. 285.)[3]

In a joint status report filed October 14, 2021, Federal Defendants reported that they, along with the California Department of Water Resources ("DWR"), which manages the SWP, have formally requested to reinitiate ESA consultation on the Proposed Action, which will eventually result in the issuance of revised biological opinions governing CVP and SWP operations. (Doc. No. 296 at 2.) Federal Defendants also indicate that it may take several years for the biological opinions to be revised and re-issued. (*Id*.) Federal Defendants further report that they and the State Plaintiffs have reached agreement in the context of the *CNRA* case as to

---

[2] Plaintiffs in *Pacific Coast Federation of Fishermen's Associations v. Ross*, 1:20-cv-00431-DAD-EPG (*PCFFA*), are a coalition of six environmental organizations (collectively referenced herein as "PCFFA"). Plaintiffs in *California Natural Resources Agency v. Ross*, No. 1:20-cv-00426-DAD-EPG (*CNRA*), are the People of the State of California, California's Natural Resources Agency, and California's Environmental Protection Agency ("State Plaintiffs").

[3] Unless otherwise noted, the docket references in this order are to the docket numbers in *PCFFA*.

1 how the CVP and SWP should be operated through September 30, 2022 while reinitiated
2 consultation is ongoing. (*Id*.) That agreement is described in a five-page attachment to the
3 parties' joint status report. (Doc. No. 296-1.) Federal Defendants propose to file a joint motion
4 with State Plaintiffs seeking "adoption" of the interim operations plan and a further stay of this
5 litigation through September 30, 2022. (Doc. No 296 at 3.)[4] Federal Defendants seek approval to
6 file that joint motion by November 9, 2021, with a hearing date on the motion of December 21,
7 2021, and a stay of both cases at least until that motion is resolved by the court. (*Id*.)

8 Federal Defendants acknowledge that there are several motions pending in these cases that
9 would be impacted by a further stay. The parties to *CNRA* agree that the motions pending in that
10 case—a motion to dismiss one claim and a motion to complete the administrative record—should
11 remain stayed. (*Id*. at 4.) The court sees no reason to disturb this agreement and will continue to
12 hold those motions in abeyance. However, there is no such agreement as to the fate of the motion
13 to complete the administrative record motion that is pending in the *PCFFA* case. That motion is
14 discussed below.

15 In response to the court's inquiry (Doc. No. 297), Federal Defendants further agree to
16 release to all parties by October 22, 2021 two sets of information: (1) modeling performed by
17 DWR underlying the proposed interim operational plan; and (2) modeling conducted for other
18 purposes in August 2021 by the NMFS Southwest Fisheries Science Center. (Doc. No. 298 at 2.)

19 Except for the above-described agreements, the joint status report unfortunately reveals
20 widespread disagreement among the parties as to the path forward for these complex cases. The
21 court will only briefly address here those disputes that impact the immediate scheduling needs in
22 these cases. First, the court will address scheduling related to the proposed joint motion for
23 approval/stay. Then, the court will address the dispute over the status of PCFFA's motion to
24 complete the administrative record.
25 /////
26 /////

---

[4] For the sake of expedience, the court will refer to this proposed motion as a "motion for approval/stay," even though it remains unclear exactly what form such a motion would take or what rule(s) of procedure or statutory authority it would invoke.

3

**A.      Scheduling of Proposed Motion for Approval/Stay**

Although Federal Defendants and State Plaintiffs have managed to achieve agreement on the shape of interim operations during the re-initiated consultation period, none of the other parties agree to the proposed interim operations plan as currently structured. PCFFA does not oppose the specific changes contained within the proposed interim operations plan but insists that it is not protective enough. (Doc. Nos. 296 at 5; 301 at 2–3.) The various defendant intervenors contend, among other things, that changes to operations are unnecessary, adopting those changes would violate several federal statutes, and that implementing the proposed changes would result in a breach of Reclamation's contractual obligations to senior water rights holders. (*See* Doc. No. 296 at 8–19.)[5]

The only thing that is clear to the court at this point is that the disputes are likely to be complex and difficult to adjudicate quickly. Although the court is sympathetic to PCFFA's request that the motion for approval/stay one week earlier than Federal Defendants propose (i.e., on November 2, 2021 as opposed to November 9, 2021), the court is concerned that accelerating the pace of this litigation will diminish the quality and efficiency of the briefing received by the court and will hamper efforts to reach further agreement among the parties. Accordingly, the court will allow the motion to approve/stay to be filed on or before November 9, 2021.[6] All parties are directed to meet and confer regarding an appropriate briefing schedule with the following conditions:

/////

---

[5] One defendant intervenor additionally advocates what it sees as a "better path forward" by inviting the relevant federal and state agencies to undertake a "collaborative planning approach" akin to one being employed by the Northern California Water Association's Dry Year Task Force. (Doc. No. 296 at 17.) The never-ending disputes over CVP and SWP operations that have passed through this federal courthouse over the past several decades suggest that a court is not necessarily the best place to achieve lasting solutions to resource management problems this complex. Accordingly, the court would certainly support any alternative efforts to which all parties might agree, including mediation, settlement conference, and/or the appointment of a special master.

[6] The court finds it at this time unnecessary to address defendant-intervenors' concerns that implementing the interim operations plan will violate other federal statutes. The court assumes that any such issues will be presented as part of the briefing, if appropriate.

4

(1)  Given the ongoing emergency caused by the lack of adequate judicial resources in this district, the court is unlikely to be able to approve significant expansions of its standard page limits, particularly if the parties expect the court rule on issues presented on an expedited basis.  With that in mind, the parties are directed to work to isolate those issues that must be decided rapidly and are to present only the most urgent issues to the court for decision in the coming weeks in as concise a manner as possible.  If necessary, additional issues may be presented in another round of future briefing.

(2) With the above in mind, on or before October 29, 2021, the parties shall file a stipulation setting forth all areas of agreement regarding briefing.  Any areas of disagreement shall be presented concisely in the form of competing proposed schedules (without argument) in a separate joint status report also due October 29, 2021.

**B.      Motion to Complete the Administrative Record in PCFFA**

As mentioned, PCFFA does not agree to a further stay of their pending motion to complete the administrative record, originally filed in December 2020.  (*Id*. at 5–6; *see also* Doc. No. 224.)  Federal Defendants have yet to file their opposition to that motion.  Federal Defendants correctly point out that because consultation has been reinitiated, future judicial review of any revised biological opinions will be based on an entirely new administrative record.  Given this, Federal Defendants continue to maintain that it would be a waste of the parties' resources for them to prepare an opposition to the pending administrative record motion, and it would likewise be a waste of scarce judicial resources for the court to adjudicate that motion.  As this court has indicated in the past, Federal Defendants seem to be assuming that merely re-initiating consultation will moot the remainder of the *PCFFA* lawsuit.  This is not necessarily the case.  *See NRDC v. Norton*, No. 1:05-cv-01207-OWW-LJO, 2007 WL 14283, at *6 (E.D. Cal. Jan. 3, 2007) (declining to stay challenge to earlier version of the biological opinions at issue in this case where defendants continued to rely on challenged biological opinion despite re-initiation of consultation and the parties failed to reach an interim agreement as to how to operate the CVP and SWP while the re-consultation took place).  The court agrees with the *PCFFA* plaintiffs (*see* Doc. No. 301 at 3) that, absent an agreement between Federal Defendants and PCFFA as to the interim

5

operational plan and/or concessions from Federal Defendants as to the merits of PCFFA's challenges to the biological opinions, PCFFA likely will be required to demonstrate a likelihood of success on the merits of their claims as a part of any effort to advocate for the adoption of interim measures more protective than those currently being proposed by Federal Defendants and State Plaintiffs. The cases cited by Federal Defendants in this regard are not on point. For example, *Western Exploration LLC v. U.S. Dept. of Interior*, 250 F. Supp. 3d 718, 729 (D. Nev. 2017), involved an agency decision that was found on summary judgment to be in violation of the National Environmental Policy Act ("NEPA") and remanded for the preparation of appropriate NEPA documentation. The fact that the court in *Western Exploration* found a parallel motion to supplement the administrative record "moot" in light of the remand, *see id*. at 729, is not particularly relevant here, where the merits of PCFFA's claims have not been conceded or ruled upon by the court. The other case cited by Federal Defendants, *Accrediting Council for Indep. Colls. & Sch. v. Devos*, 303 F. Supp. 3d 77, n.7 (D.D.C. 2018), presents a procedural situation indistinguishable from *Western Exploration* and therefore also has no apparent application here.

Although the court has not performed exhaustive independent research, the caselaw seems to support PCFFA's position that a complete administrative record may be necessary to the resolution of the kinds of disputes likely to arise in connection with the motion for approval/stay. *See Doe #1 v. Trump*, 423 F. Supp. 3d 1040, 1046 (D. Or. 2019) (rejecting the defendant agency's argument that the administrative record should not be ordered produced in the context of a preliminary injunction, noting the administrative record may be necessary to support a preliminary injunction request). One district court has questioned whether an agency defendant should even be allowed to object to a plaintiff referring to documents that the agency considers "outside" the administrative record if that record has not been finalized. *See Earth Island Inst. v. Evans*, 256 F. Supp. 2d 1064, 1078 n. 16 (N.D. Cal. 2003). That same district court also indicated that limitations on extra-record evidence likely apply on motions for preliminary injunction. *Id*.; *see also E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1107 (N.D. Cal. 2018) ("[T]o the extent practicable, a court should determine a plaintiff's likelihood of success on the merits of [ ] a challenge [premised on the Administrative Procedure Act] based on

the administrative record."), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), and *aff'd sub nom. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021).  The undersigned believes serious concerns would be raised if the limitations on extra-record evidence were to be applied in its consideration of any motion for injunctive relief without PCFFA having an opportunity to ensure that the record is complete.  Accordingly, the court declines to further stay PCFFA's motion to complete the administrative record and adopts the following procedure related to that pending motion:

    (1)  Federal Defendants shall respond to PCFFA's motion to complete the administrative record on or before November 2, 2021; Defendant-Intervenors may respond on or before November 9, 2021 consistent with the conditions set forth in previous stipulations regarding record-related motions (*see* Doc. Nos. 219, 270), PCFFA shall reply on or before November 22, 2021.

    (2)  The court has preliminarily reviewed the pending motion and believes there are opportunities for the parties to narrow their remaining disputes over the record.  The parties are therefore directed to engage in in good faith efforts to resolve as many of those disputes as possible and to focus any further briefing on documents that are of pivotal importance to the issues plaintiffs anticipate presenting to the court in relation to their motion to approve/stay.

Except for the deadlines set forth above, all other deadlines in these related cases are stayed until the court is able to rule upon the anticipated motion to approve/stay.

IT IS SO ORDERED.

Dated: **October 20, 2021**            *Dale A. Drozd*
                                                     UNITED STATES DISTRICT JUDGE