# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>GINA RAIMONDO, *et al.*,<br><br>Defendants. | No. 1:20-cv-00431-JLT-EPG<br><br>REQUEST FOR SUPPLEMENTAL FILING |
| THE CALIFORNIA NATURAL RESOURCES AGENCY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, *et al.*,<br><br>Defendants. | No. 1:20-cv-00426-JLT-EPG<br><br>REQUEST FOR SUPPLEMENTAL FILING |

///

///

///

///

1

Before the Court for decision is a joint request filed by the Plaintiffs in *California Natural Resources Agency v. Ross*, No. 1:20-cv-00426-JLT-EPG, and the Federal Defendants in both above-captioned cases (collectively, "Moving Parties") for a Court order authorizing the continued implementation, with slight modifications, of an Interim Operations Plan (IOP) approved for implementation in 2022 by the previously assigned jurist. Briefing related to that request is ongoing. However, having reviewed all the materials filed thus far, the Court believes that its understanding of the factual backdrop would benefit from a supplemental filing by Federal Defendants related to one matter.

Specifically, the Plaintiffs in *Pacific Coast Federation of Fishermen's Association v. Raimondo*, 1:20-cv-00431-JLT-EPG, (collectively, "PCFFA"), contend that the Federal Defendants violated the 2022 IOP's requirement to undertake "temperature management that provides sufficient habitat for the longest period possible" by choosing to implement one modeled water release scenario over another that PCFFA asserts would have "provided more habitat for longer." (*See* Doc. 416 at 26.) PCFFA's assertion appears to be supported—at least in part—by a document depicting results from Federal Defendants' own modeling. (*See* Doc. 417-6 at 5, 7 (showing lower temperature dependent mortality for the scenario favored by PCFFA).) In response, the Moving Parties argue that PCFFA's position is based on a "subjective interpretation" that "overlooks the opposite conclusion reached by multiple expert agencies." (Doc. 419 at 4.) Federal Defendants' position is supported generically by the Declaration of Cathy Marcinkevage and attachments (Doc. 425), but the record appears to be devoid of a *direct* explanation why the relevant expert agencies reached the conclusion that the water release scenario ultimately chosen for implementation provided "sufficient habitat for the *longest period possible*," when viewed against the scenario highlighted by PCFFA, which was predicted to have less detrimental impacts in at least one respect.

The Court believes additional clarity on this topic before the final round of briefing is likely to complete the record in the most efficient manner. Accordingly, within ten days of the date of this order, Federal Defendants are directed to submit a supplemental declaration addressing the issue outlined above. To allow those parties who would have otherwise been

permitted to file a responsive brief on or before December 12, 2022, that deadline will likewise be extended by ten days. In light of the up-coming holidays, the Court will entertain any reasonable stipulation or, if absolutely necessary, unilateral request to further modify these deadlines.

IT IS SO ORDERED.

Dated:   **November 30, 2022**

UNITED STATES DISTRICT JUDGE